IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FUNCTIONAL GOVERNMENT INITIATIVE,<br><br>*Plaintiff,*<br><br>v.<br><br>FOOD AND DRUG ADMINISTRATION,<br><br>*Defendant*. | Civ. A. No. 23-2323 (ACR) |

**JOINT STATUS REPORT**

Pursuant to the Court's January 6, 2024 Minute Order, Plaintiff Functional Government Initiative and the Food and Drug Administration ("FDA" or "Defendant"), by and through their respective counsel, respectfully submit this Joint Status Report for the above-captioned Freedom of Information Act ("FOIA") lawsuit. This matter involves two FOIA requests that Plaintiff submitted to FDA. Plaintiff filed the Complaint on August 10, 2023 (ECF No. 1) and Defendant filed its Answer on October 20, 2023 (ECF No. 6).

**THE STATUS OF PLAINTIFF'S FOIA REQUESTS**

1.  Plaintiff submitted two FOIA requests on March 24, 2023 to FDA.

2.  The first request seeks records of correspondence between certain officers of FDA's Center for Tobacco Products (including the Center's Director and Deputy Director) and specific external organizations, and the second request seeks records of correspondence between two officers of FDA's Office of Food Policy and Response and specific external organizations, exchanged on or after March 21, 2022. Compl. ¶¶ 5, 9; *see also* Ex. A, Pl.'s First FOIA Request (ECF No. 1-2) at 2–9 *and* Ex. C, Pl.'s Second FOIA Request (ECF No. 1-2) at 13–21.

1

3. FDA conducted a search for records potentially responsive to the part of Plaintiff's first FOIA request that seeks correspondence, calendar entries, emails, and attachments, and it identified 185 responsive records. FDA produced all non-exempt, responsive portions of these records to Plaintiff on February 27, 2024.

4. FDA conducted a search for records potentially responsive to the part of Plaintiff's first FOIA request that seeks text messages (including messages on encrypted apps such as Signal or WhatsApp), telephone records and logs, and virtual meeting logs (such as those produced by Microsoft Teams and Zoom) and it collected 2,561 potentially responsive records, pending de-duplication and the application of the relevant date filter and search terms.

5. FDA recently learned that Ms. Ann Simoneau, one of the custodians mentioned in Plaintiff's first FOIA request, possessed two mobile devices during the period for which Plaintiff seeks text messages, telephone records and logs, and virtual meeting logs. Ms. Simoneau used the first mobile device from February 25, 2019 until March 28, 2023, and the second mobile device from March 28, 2023 until she departed the agency on January 30, 2024. Because the data on Ms. Simoneau's first mobile device was not subject to a litigation hold or court order requiring the preservation of data when she exchanged it on March 28, 2023, the data on that device was cleared by FDA and was not recoverable. FDA, however, was able to collect records from Ms. Simoneau's second mobile device, including potentially responsive records generated between March 28, 2023 and December 28, 2023.

6. FDA is currently processing the records obtained from Ms. Simoneau's second mobile device and the mobile devices of the other three custodians referenced in Plaintiff's first FOIA request and will disclose all non-exempt, responsive information to Plaintiff after it completes its reviews for responsiveness and releasability.

7.     FDA conducted a search for records potentially responsive to the part of Plaintiff's second FOIA request that seeks correspondence, calendar entries, emails, and attachments, and it identified 12 responsive records, all of which were associated with one of the custodians named in Plaintiff's second FOIA request: Mr. Frank Yiannas. FDA produced all non-exempt, responsive portions of these records to Plaintiff on January 3, 2024.

8.     FDA conducted a search for records potentially responsive to the part of Plaintiff's second FOIA request that seeks text messages (including messages on encrypted apps such as Signal or WhatsApp), telephone records and logs, and virtual meeting logs (such as those produced by Microsoft Teams and Zoom) and it collected 1,784 potentially responsive records, pending de-duplication and the application of the relevant date filter and search terms. FDA is currently processing these records and will disclose all non-exempt, responsive information to Plaintiff after it completes its reviews for responsiveness and releasability.

9.     The parties will submit another Joint Status Report in sixty days, on September 3, 2024, to apprise the Court of any updates on the status of Plaintiff's FOIA requests, including whether and when FDA produced or anticipates it will produce additional non-exempt, responsive information to Plaintiff.

*   *   *

Dated: July 5, 2024
      Washington, DC

/s/_____
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue, West, Suite 4
Vienna, VA 22180-5615
(703) 356-5070
jmorgan@lawandfreedom.com

*Attorney for Plaintiff*

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:       /s/_____
    FITHAWI BERHANE
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-6653
    Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*